UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SCHULTZ CHAN, et al.<br><br>Defendant. | Criminal No. 16-10268-IT-DLC |

**MOTION FOR DETENTION HEARING**
**PURSUANT TO 18 U.S.C. § 3142**

For the reasons set forth below, the United States respectfully moves, pursuant to 18 U.S.C. § 3142, for an immediate hearing to review the release conditions of the defendant Schultz Chan, also known as Jason Chan ("Chan"). The government submits, based on the information set forth below, that the defendant's release conditions should be modified to include a more significant secured bond, a curfew, and electronic monitoring.

**Background**

Chan was arrested on June 14, 2016 on a complaint charging him with securities fraud, in violation of 15 U.S. C. §§ 78j(b) & 78ff. See Dkt. 3. The charges related to an alleged insider-trading scheme whereby Chan obtained material nonpublic information ("MNPI") from his employer, Akebia Therepaeutics, Inc. ("Akebia")—a Cambridge, Massachusetts-based biopharmaceutical company—and traded in Akebia's shares while in possession of the MNPI. Chan was indicted on three counts of securities fraud on September 13, 2016. See Dkt. 37. On March 28, 2017, Chan and a co-defendant, Songjiang Wang, were charged in a Superseding Indictment with multiple counts of securities fraud and conspiracy to commit the same, in connection with a scheme to exchange MNPI about Akebia and Wang's employer, Merrimack

Pharmaceuticals, Inc.—another Cambridge-based biopharmaceutical company—in order to trade while in possession of that information.  See Dkt. 72.

Following his arrest, Chan was released on a $250,000 bond, secured by cash and certain real estate in Florida, and pursuant to certain conditions.  Those included, *inter alia*, that he surrender his passport and that he not leave the District of Massachusetts.  See Dkt. 13.  Chan signed an acknowledgment of the conditions, id., and plainly understood them.  For example, on June 16, 2016, Chan, through his counsel, filed an assented-to motion to travel to the State of Connecticut for one day to attend a real-estate closing.  See Dkt. 15.  The motion was granted that same day.  See Dkt. 16.  Chan's release conditions were renewed at his arraignment on the Indictment on September 20, 2016, see Dkt. 44, and again at his arraignment on the Superseding Indictment on April 4, 2017, see Dkt. 76.

On June 1, 2017, Chan's counsel requested the government's assent to permit Chan to travel to Texas to see his daughter, who resides there.  The government assented that same day, on the condition that Chan provide an itinerary and that the U.S. Probation Department approve of the trip.  The government did not receive an itinerary and understands from the Probation Department that its approval for such travel was never requested.

**Grounds for the Instant Motion**

On June 13, 2017, Chan's spouse, who resides in San Antonio, purchased tickets for herself, Chan, and their daughter to fly together on June 21, 2017 from San Antonio, via Los Angeles, California, to Beijing, China, and from Beijing to Shanghai, China.  Chan's spouse also purchased return tickets from Shanghai to Beijing, from Beijing to Los Angeles, and from Los Angeles to San Antonio, with a scheduled return date of July 11, 2017.

The government understands that, on or about the morning of June 20, 2017, a probation officer left a voicemail for Chan asking him to return her message. Chan left the probation officer a message later that afternoon, stating that he would be reachable until the late afternoon.

The following morning, the government learned that Chan had not boarded his flight in San Antonio, although his spouse and daughter had. In Los Angeles, as she was about to board her flight to Beijing, Chan's spouse was approached and interviewed by agents of the Federal Bureau of Investigation and U.S. Customs and Boarder Protection. Chan's spouse told the agents, in in substance, that Chan was at work in Boston, Massachusetts, and that she had reserved an extra seat under his name because she wanted to have extra room on the flight. Subsequent investigation confirmed that Chan was, in fact, in the District of Massachusetts. Chan's spouse stated that Chan was aware of her travel plans with her daughter.

The government understands that, on or about June 30, 2017, Chan was again contacted by his probation officer, who inquired whether he had intentions to travel to China. Chan responded, in substance, that he did not, but that he was aware that his wife was in China.

Based on the foregoing, the government submits that circumstances have changed since the time of Chan's arrest, and that the current conditions of his release are no longer sufficient to ensure that will not flee pending trial. The government therefore respectfully requests that the Court require the defendant's appearance at an immediate hearing, pursuant to 18 U.S.C. § 3142,

to review the conditions of his release, and that the Court modify the defendant's release conditions to include a more significant secured bond, a curfew, and electronic monitoring.

        Respectfully submitted,

        WILLIAM D. WEINREB
        Acting United States Attorney

By:   */s/ Stephen E. Frank*
      Stephen E. Frank
      Assistant United States Attorney

Dated:  July 3, 2017

## CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 3, 2017

        */s/ Stephen E. Frank*
        Stephen E. Frank