UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>SCHULTZ CHAN,<br>    also known as "Jason Chan,"<br>    and<br>SONJIANG WANG,<br>    also known as "Sam Wang,"<br><br>    Defendants. | Criminal No. 16-10268-IT |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANTS' JOINT MOTION TO DISMISS**

The government respectfully submits this response in opposition to the motion of defendants Schultz Chan ("Chan") and Sonjiang Wang ("Wang") to dismiss Counts Three and Four and so much of Count One as alleges a conspiracy to commit securities fraud through the purchase of stock in Akebia Therapeutics, Inc. ("Akebia"). See Dkt. 138. Though styled as a claim of legal impossibility, the defendants' motion is, in reality, a challenge to the sufficiency of the evidence against them. That is a question that cannot be addressed on a motion to dismiss, prior to trial. *See United States v. O'Brien*, 994 F. Supp. 2d 167, 173 (D. Mass. 2014) ("[T]he trial court cannot make a pre-trial determination as to the sufficiency of the evidence. Only issues that can be determined without a trial on the merits may be raised in a pretrial motion."). For that reason, and the reasons set forth below, the government respectfully requests that the defendants' motion be denied.

Background

On March 28, 2017, a Grand Jury in the District of Massachusetts returned a Superseding Indictment charging the defendants with securities fraud, in violation of 15 U.S.C. §§ 78j(b) & 78ff, and conspiracy to commit the same, in violation of 18 U.S.C. § 371. The charges allege an insider-trading scheme in which Chan and Wang, who were employed as biostatisticians at pharmaceutical companies in Cambridge, Massachusetts—Akebia Pharmaceuticals and Merrimack Pharmaceuticals, respectively—exchanged material non-public information ("MNPI") concerning Phase 2 and Phase 3 clinical trials of drugs being developed by Akebia and Merrimack, and traded in the securities of those companies while in possession of the MNPI, in violation of the duties of trust and confidence they owed their employers.

Specifically, the Indictment alleges in Count One that Chan and Wang conspired over a period of nearly two years, between November 2013 and September 2015, to share MNPI concerning clinical trial data of drugs being developed by Akebia and Merrimack and to trade in the companies' securities while in knowing possession of that information and prior to the public announcement of the clinical trial results. Dkt. 72, ¶ 26. It alleges in Count Two—which is not at issue in the defendants' motion—that Wang tipped Chan about Phase 3 clinical trial data for a Merrimack drug candidate, and that Chan then purchased Merrimack's shares in or about April 2014, using money provided by Wang, prior to the public announcement of the Phase 3 study results. *Id.* ¶ 29. It alleges in Count Three that Chan tipped Wang about positive Phase 2 clinical trial data for a new Akebia drug, and that Wang then traded in Akebia's securities in or about and between August and September 2015, prior to Akebia's public disclosure of the Phase 2 study results on September 8, 2015. *Id.* ¶ 31. And it alleges in Count Four that Chan himself

traded in Akebia's stock in August 2015, while in knowing possession of the MNPI about the positive Phase 2 study data. Id. ¶ 33.

Argument

Though styled as a claim of legal impossibility, the gravamen of the defendants' motion is a series of factual assertions that, contrary to the allegations in the Superseding Indictment: (1) Chan did not come into possession of MNPI about Akebia until after he traded; (2) the information he is alleged to have possessed was not material; and (3) there is insufficient evidence that Chan tipped Wang prior to Wang's trades in Akebia securities. Those contentions are untrue as a factual matter, and, in any event, premature in the context of a motion to dismiss. Accordingly, the defendants' motion should be denied.

A. Applicable Law

"'[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Serino*, 835 F.2d 924, 929 (1st Cir. 1987) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974) (alteration in original)). "'It is generally sufficient that an indictment set forth the offense in the words of the statute itself,' as long as those words set forth all the elements of the offense without any uncertainty or ambiguity." *Id*. (quoting *Hamling*, 418 U.S. at 117). "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for a trial of the charge on the merits." *O'Brien*, 994 F. Supp. 2d at 173 (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)) (internal quotation marks omitted).

Federal Rule of Criminal Procedure 12(b) provides that '[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion.'" *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987) (quoting Fed. R. Crim. P. 12(b)), *superseded by statute on other grounds*, 46 U.S.C. app. § 1903(f). "It follows that a pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue. Rule 12 is not intended to authorize 'speaking motions' through which the truth of the allegations in an indictment are challenged." *Id*. (further citations omitted).

> B. The Defendants' Claims Are Improper
>    On a Motion to Dismiss

The defendants do not, because they cannot, challenge the facial sufficiency of the Indictment against them. The Indictment properly sets forth the elements of the charged crimes, and each of the counts sets forth those offenses in the words of the statutes themselves. The defendants do not contend otherwise. Nor do they make any claim that the Indictment is insufficiently particular, that they are unable to understand the charges against them, or that there was some defect in the Grand Jury process.

Instead, the defendants seek to have the Indictment dismissed on the basis of purported legal impossibility, relying on case law that stands for the indisputable proposition that a defendant cannot be convicted of a crime that the law does not proscribe. *See, e.g., United States v. Fernandez*, 722 F.3d 1, 31 (noting that "pure legal impossibility . . . arises when no statute proscribes the result that the defendant expected, desired, and intended to achieve") (citation, internal quotation marks and alteration omitted). The defendants do not contend, however, that securities fraud—the crime they are alleged to have committed and conspired to commit—is

4

legal, or that it was legal at the time they are alleged to have committed it. They also do not argue that insider trading—the particular form of securities fraud with which they are charged—is either legal or was legal at the time of the charged conspiracy. Such claims would, of course, be absurd.

Instead, the defendants contend that (1) Chan could not have traded in Akebia shares while in knowing possession of MNPI because he did not come into possession of MNPI until after he traded, Def. Br. at 7; (2) the non-public information Chan is alleged to have possessed was not "material" because Akebia had previously "announced to the world that Vadadustat was going to be wildly successful and profitable," *id*. at 8; and (3) "there is no evidence to support the allegation that Chan misappropriated MNPI" to tip Wang," *id*. at 9.[1] Those arguments are premature, and improper on a motion to dismiss, and should be denied.

<u>First</u>, the defendants' arguments do not constitute a claim of *legal* impossibility, as they suggest, but rather a claim of either *factual* impossibility or insufficient evidence. They do *not* argue that that the law did not proscribe their actions as alleged in the Superseding Indictment. Instead, they argue that—if the facts are *as they assert* in their motion—they either could not have committed the crimes charged, or there is "no evidence" that they did so. Neither contention is a legitimate basis for a pretrial motion to dismiss. *See, e.g., Ayarza-Garcia*, 819

---

[1] While not relevant to the instant motion, Chan is not charged with insider trading on a misappropriation theory, as he suggests. *See* Def. Br. at 9. Rather he is charged on a classical theory with trading, and tipping Wang, while in possession of MNPI that he obtained as an insider at Akebia. *See, e.g., United States v. O'Hagan*, 521 U.S. 642, 651-52 (1997) ("Under the 'traditional' or 'classical theory' of insider trading liability, § 10(b) and Rule 10b–5 are violated when a corporate insider trades in the securities of his corporation on the basis of material, nonpublic information."); *S.E.C. v. Rocklage*, 470 F.3d 1, 5 (1st Cir. 2006) ("The classical theory generally only imposes liability when a trader or tipper is an insider of the traded-in corporation. The classical insider-trader thus breaches a fiduciary duty owed to the corporation's shareholders.").

F.2d at 1048 (11th Cir. 1987) ("a pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument"); *United States v. Spurlock*, 386 F. Supp. 2d 1072, 1074 (W.D. Mo. 2005) ( "factual impossibility is not a basis for dismissing an indictment"); *cf. United States v. Mehanna*, 735 F.3d 32, 52 (1st Cir. 2013) ("It suffices to say that, in the last analysis, [the defendant's] theories raise questions of factual, rather than legal, impossibility.  As such, their resolution depends on the sort of functions that the criminal law commits to juries, namely, how one looks at the facts of the case and what inferences one chooses to draw.").  Nor, as the defendants themselves concede, is factual impossibility ever a defense to conspiracy, because that crime does "not require that the unlawful goal be achieved." *United States v. Dixon*, 449 F.3d 194, 202 (1st Cir. 2006).

Second, the defendants' assertions are also inconsistent with the allegations of the Superseding Indictment.  Thus, while Chan contends that he "did not receive access to the 2015 Phase 2 study results until 3:10 p.m. on August 21, 2015, while his last trade was already placed at 6:27 a.m., before he had possession" of MNPI, Def. Br. at 9, the Superseding Indictment alleges otherwise:  that Chan was in knowing possession of MNPI *when he traded*.  *See, e.g,* Dkt. 72, ¶ 19 ("Chan had access to, and was aware of, the Phase 2 results before the Akebia September 8 Announcement."); *id.* ¶ 21 ("On or about and between August 19, 2015 and August 21, 2015, in advance of the Akebia September 8 Announcement and while in possession of material nonpublic information, CHAN purchased shares of Akebia for himself."); *id.* ¶ 33 (alleging that Chan traded Akebia securities while in possession of MNPI he obtained from Akebia).  Similarly, while Chan seems to argue that there is "no evidence" that he provided Akebia MNPI to Wang ahead of Wang's trades in Akebia securities, *see, e.g.*, Def. Br. at 9, 11 ("Chan's only provable contact with Wang did not immediately follow discovery of the alleged

6

MNPI"), the Superseding Indictment alleges that he *did* do just that.  *See, e.g.* Dkt. 72, ¶ 23(c) ("In advance of the Akebia September 8 Announcement, CHAN provided WANG with material nonpublic information regarding the clinical trial discussed in that announcement."); *id.* ¶ 23(d) ("WANG purchased shares in Akebia while in possession of the material nonpublic information CHAN provided."); ¶ 31 (alleging that Wang and Chan engaged in a scheme for Wang "to trade in Akebia securities while in possession of material nonpublic information CHAN obtained from Akebia and provided to WANG").  And while Chan contends that the information he is alleged to have possessed "was immaterial" and "had no bearing on . . . Akebia's stock," Def. Br. at 8, the Superseding Indictment alleges that the information *was* material and that the company's share price increased 45% immediately after the release of the positive Phase 2 results.  Dkt. 72, ¶ 18.  Those facts as alleged "are presumed to be true for the purposes of assessing whether [the] indictment is sufficient to withstand a motion to dismiss, and inquiry into whether the government can prove its case at trial is inappropriate at this stage."  *See United States v. Dunbar*, 367 F. Supp. 2d 59, 60 (D. Mass. 2005).

<u>Third</u>, the defendants' factual assertions are, in any event, untrue.  The government expects the evidence at trial to prove, beyond a reasonable doubt, that Chan was in possession of MNPI concerning Akebia's Phase 2 trial well before 3:10 pm on August 21, 2015, and, more importantly, well before he traded.  Notably, Chan *admitted as much* in an interview with the FBI—a fact he omits to mention in his motion.  In that interview, Chan acknowledged that, prior to trading, he (1) knew the preliminary results of the Phase Two trial, (2) knew those results were material, and (3) knew that Akebia had imposed a "blackout" period prohibiting all employees from buying or selling the company's stock.  Chan also admitted that he discussed the Phase 2

trial with Wang. Chan's admissions will be corroborated at trial by other evidence demonstrating each of those facts.

## Conclusion

For the foregoing reasons, the government respectfully requests that the defendants' motion be denied.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By: */s/ Stephen E. Frank*
Stephen E. Frank
Jordi de Llano
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Stephen E. Frank*
Stephen E. Frank

Date: November 3, 2017