UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 16-cr-10268-IT |
| | * | |
| SCHULTZ CHAN, a/k/a Jason Chan, | * | |
| and SONGJIANG WANG, | * | |
| | * | |
| Defendants. | * | |

Order

June 23, 2018

TALWANI, D.J.

Before the court in the above-captioned criminal prosecution for securities fraud and conspiracy to commit securities fraud is the government's Motion in Limine [#178] seeking an order allowing law enforcement witnesses to testify about each Defendant's statements about his own conduct and his communication with the other Defendant, and allowing the government to refer to this testimony in its opening statement. For the following reasons, the motion is DENIED as to the opening statement, and DENIED WITHOUT PREJUDICE as to the law enforcement witnesses' trial testimony.

According to the government, Defendant Songjiang Wang told the Federal Bureau of Investigation ("FBI") that he and Defendant Schultz Chan talked about pharmaceutical companies, but did not talk about companies where he and Chan worked because they knew the rules about insider trading. Chan, according to the government, told the FBI that he and Wang discussed their employers' clinical trials, including specifically discussing the results of a clinical trial conducted by Chan's employer, Akebia Therapeutics, Inc., ("Akebia"). Chan also

1

purportedly informed the FBI that one week after joining Akebia in August 2015, he told Wang that he felt positive about Akebia stock. According to the government, Chan also told the FBI that he traded in Akebia stock when he knew about the August 2015 clinical trial results but before those results were made public.

The government argues that Chan's and Wang's out-of-court statements will be admissible at trial as either non-hearsay or under exceptions to the hearsay rule. In a trial of one Defendant alone, his own out-of-court statements are admissible under Fed. R. Evid. 801(d)(2)(A) (opposing party statements). At this joint trial, the government contends that the statements of one Defendant are nonhearsay and admissible as to the other Defendant for purposes of impeachment, as statements against interest under the Fed. R. Evid. 804(b)(3) exception to hearsay, and as non-hearsay statements of co-conspirators in furtherance of a conspiracy under Fed. R. Evid. 801(d)(2)(E). Further, the government argues that the statements are not barred by the Confrontation Clause and <u>Bruton v. United States</u>, 391 U.S. 123 (1968), if offered as to only one of the Defendants.

The government cites <u>Tennessee v. Street</u>, 471 U.S. 409, 417 (1985), for the proposition that one-codefendant's out-of-court statement may be introduced for the nonhearsay purpose of impeaching the second co-defendant. <u>Street</u> is inapposite. In <u>Street</u>, a non-testifying accomplice's statement was introduced for the purpose of impeaching the testifying defendant's claim that that statement had been read to him and had been used to coerce his confession. But the accomplice's statement was offered only to impeach the defendant's in-court testimony about the content of the accomplice's statement. No similar issue is presented here, and the court declines to permit introduction of out-of-court statements of one Defendant for the purpose of impeaching another

under Street.

As to the applicability of the statement-against-interest exception to hearsay in Fed. R. Evid. 804(3), the court must find both that "(A) a reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true because, when made, it . . . had so great a tendency . . . to expose the declarant to civil or criminal liability; and (B) is supported by corroborating circumstances that clearly indicate its trustworthiness." All of Wang's statements are phrased so as to avoid exposing himself to liability, and most of Chan's statements, even if true, are not so consciously incriminating as to indicate their truthfulness under Rule 804(3). See United States v. Innamorati, 996 F.2d 456, 475 (1st Cir. 1993) (where "it is difficult to view the testimony as a whole as consciously contrary to [the declarant's] self-interest at the time it was made," that testimony falls outside the scope of Rule 804(b)(3)'s exception). Accordingly, the statement-against-interest exception is not sufficient to allow the statements of one Defendant to be admitted as to the other Defendant.

Nor has the government yet shown that the statements are nonhearsay as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E). For a statement to qualify under Rule 801(d)(2)(E), the court must determine by a preponderance of the evidence that "[t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). In making this determination, "the statement must be considered but does not by itself establish the . . . existence of the conspiracy or participation in it under (E)." Fed. R. Evid. 801(d)(2); see also United States v. Sepulveda, 15 F.3d 1161, 1182 (1st Cir. 1993) ("[A] coconspirator's statement, standing alone, is insufficient to meet the preponderance standard of Rule 801(d)(2)."). In the course of a trial, a court may

3

provisionally admit such statements (with an appropriate instruction) and defer ruling as to whether the government has met its burden under Rule 801(d)(2)(E) until the close of evidence. See United States v. Ciresi, 697 F.3d 19, 25 (1st Cir. 2012). At this juncture, however, the government has yet to offer any evidence – other than the government's summaries of the statements at issue – that a conspiracy existed and the statements were made during and in furtherance of the conspiracy. The court therefore cannot make the necessary determination at this time under Rule 801(d)(2)(E) as to the admissibility of one Defendant's statements as to the other Defendant.

The government argues that in any event, the out-of-court statements are not facially inculpating and thus raise no Confrontation Clause issues under Bruton v. United States, 391 U.S. 123 (1968) and Crawford v. Washington, 541 U.S. 36 (2004). But even if this were so (and the assertion is not at all clear as to Chan's statements), if admitted only as to one Defendant, the court will need to give limiting instructions so that the jury does not consider the evidence as to the other Defendant. Where the government is simultaneously urging that the evidence should be admitted as to both Defendants, the court cannot yet give clear instructions as to the intended use of the statement.

At this juncture, reference to the out-of-court statements in opening will be unduly confusing and is therefore not permitted. If the government seeks at trial to have one Defendant's out-of-court statement admitted as to the other Defendant, the government shall first seek permission from the court after making the necessary showing under Fed. R. Evid. 801(d)(2)(E). If the government seeks at trial to have a Defendant's out-of-court statement admitted only as to that Defendant, the government shall so advise the court, and the court will hear further

argument as to any remaining issues under <u>Bruton</u> and <u>Crawford</u>, including the adequacy of any limiting instructions.

  IT IS SO ORDERED.

June 23, 2018                    <u>/s/ Indira Talwani     </u>
                           United States District Judge