UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 16-cr-10268-IT |
| | * | |
| SCHULTZ CHAN, a/k/a Jason Chan, | * | |
| and SONGJIANG WANG, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER ON MANDATORY RESTITUTION
January 23, 2019

TALWANI, D.J.

I. INTRODUCTION

A jury convicted Defendant Songjiang Wang ("Wang") of one count of conspiring to commit securities fraud in violation of 18 U.S.C. § 371 and two counts of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5. The jury also convicted Defendant Schultz Chan ("Chan") of these same three counts and an additional count of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5. The case involved, among other actions, purchases of stock of Akebia Therapeutics ("Akebia"), while Chan was employed there.

In a September 21, 2018, letter to the court, Akebia requested restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, in the amount of $306,899.27. Akebia contends that this amount reflects fees and costs it incurred "associated with the Department of Justice's ('DOJ') prosecution of the Defendants," and submitted in support of the request spreadsheets for fees and costs for outside counsel Ropes & Gray, LLP, and for contract attorneys from Counsel On Call, invoices for technical support provided by StoneTurn Group, LLP, and a victim impact statement from Akebia's General Counsel.

Defendants objected to the requested restitution. See Def.'s Joint Memo. in Opp. to Akebia Restitution Request [#363]. The government and Akebia submitted briefing on the statutory construction of the applicable provision of the MVRA. See Gov.'s Br. [#378]; Non-party Akebia Therapeutics, Inc.'s Supplemental Memorandum [#380]. Defendant Chan submitted a brief reply. Reply Letter [#388].

The court addresses here the disputed interpretation of the MVRA and directs the government to submit a revised request for mandatory restitution in light of this memorandum and order.

## II. STATUTORY CONSTRUCTION

When sentencing a defendant convicted of an offense under Title 18, "the court shall order…that the defendant make restitution to the victim of the offense…" 18 U.S.C. § 3663A(a)(1); see 18 U.S.C. § 3663A(c)(1)(A)(ii). A "'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). The statutory provision applies to various offenses, including offenses against property under Title 18 in which an identifiable victim has suffered a pecuniary loss. Id. § 3663A(c)(A), (B). Defendants do not dispute that the MVRA applies to the offenses of conviction and that Akebia was a victim, as defined by statute, that has suffered a pecuniary loss.

A victim's loss is eligible for restitution if it "would not have occurred but for the conduct underlying the offense of conviction" and "the causal connection between the conduct and the loss is not too attenuated (either factually or temporally)." United States v. Cutter, 313 F.3d 1, 7 (1st Cir. 2002). In order to determine how much, if any, restitution is required, the court "undertake[s] an individualized inquiry: what constitutes sufficient causation can only be determined case by case, in a fact-specific probe." Id. (quoting United States v. Vaknin, 112 F.3d

579, 589-90 (1st Cir. 1997)). This individualized inquiry follows the familiar requirements of causation, necessitating "but-for" and "proximate" causation. "The basic question that a proximate cause requirement presents is 'whether the harm alleged has a sufficiently close connection to the conduct' at issue." Robers v. United States, 572 U.S. 639, 645 (2014) (quoting Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 132 (2014)). The costs incurred must also be "reasonably foreseeable." E.g. United States v. Janosko, 642 F.3d 40, 42 (1st. Cir. 2011).

III. ANALYSIS OF AKEBIA'S REQUEST FOR RESTITUTION

Akebia is entitled to all reasonable and reasonably foreseeable "necessary…expenses incurred during [a] participation in the investigation or prosecution of the offense or [b] attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4).

A. Expenses Incurred Prior to Participation or Attendance

Akebia's entitlement under 18 U.S.C. § 3663A(b)(4) applies only to expenses incurred in connection with the criminal investigation and prosecution, and not to expenses incurred prior to such criminal proceedings. Lagos v. United States, 138 S. Ct. 1684, 1688-1690 (2018). Accordingly, all expenses incurred prior to the start of Akebia's participation in the criminal investigation will be excluded from the mandatory restitution total.

B. Expenses Incurred During Participation

Akebia may recover under 18 U.S.C. § 3663A(b)(4) for participation costs directly tied to the government's investigation and prosecution. The costs of compiling and producing documents in response to government requests for those documents in connection with the criminal investigation, and the costs incurred in connection with Akebia employees' preparation for interviews by the government prosecutors for this case are proximately caused by the

Defendants' conduct. Akebia is entitled to mandatory restitution of those expenses, so long as they are not unnecessary or excessive.

Foreseeable and necessary participation costs do not include matters unrelated to the government's investigation and prosecution, such as fees incurred in connection with a Freedom of Information Act request, fees to conduct a background check for a potential employee, fees for analyses of insurance coverage, public relations costs, advice regarding state privacy laws, office supplies, fees for paralegals, clerks, summer associates, associates, partners, and litigation support analysts to read the indictment and other filings and to draft reports, and bills for taxis for attorneys working late on matters other than the aforementioned document production and employee interview preparation. Such expenses will be excluded from any mandatory restitution order.

C. Expenses Incurred Attending Proceedings

Under the MVRA, a victim also has the right to restitution for reasonable expenses, including "lost income, and necessary child care, transportation and other expenses," to attend proceedings related to the offense. 18 U.S.C. § 3663A(b)(4). This right applies to expenses incurred to attend proceedings by either the individual victim or by the employee of a corporate victim. See Lagos, 138 S. Ct. at 1688.

Here, Akebia seeks reimbursement not for its employees' costs to attend such proceedings but for hourly fees (and costs) for outside counsel and summer associates to watch weeks of trial, status conferences and other proceedings. The court finds that it is neither foreseeable nor reasonable to charge defendants attorneys fees and costs for Akebia's legal representatives to watch criminal proceedings. Cf. United States v. Coret, 77 Fed. Appx. 7, 10 (1st Cir. 2003) ("The watchword is reasonableness.").

Indeed, while many individual or corporate victims would relish having an attorney watch and report on all criminal proceedings, the mandatory restitution scheme supports no such fee shifting provision. The court finds such a luxury unworkable and unjust in a mandatory restitution scheme. Indeed, such a statutory construction would create a bizarre incentive where defendants could not afford to go to trial and would need to minimize the moments they appear in court or the documents they file on the public docket, knowing that every six minutes of court time would be charged to them at sentencing at corporate rates.

In sum, the court finds restitution for attendance at proceedings under the MVRA limited to costs incurred directly by Akebia's employees.[1]

IV.    CONCLUSION

The government has the "burden of demonstrating the amount of the loss sustained by [Akebia]." 18 U.S.C. § 3664(e). The government may submit a request for restitution for Akebia's reasonable and foreseeable expenses, as construed in this order, by noon on January 28, 2019. Defendants may file objections by 6:00 p.m. on January 30, 2019.

IT IS SO ORDERED.

Date: January 23, 2019                                    /s/ Indira Talwani
                                                         United States District Judge

---

[1] The expense of preparing daily reports of testimony where, as here, there was a witness sequestration order, is also outside of the scope of the MVRA. See Electronic Order Allowing Def.'s Joint Mot. to Sequester Witnesses [#217]. At hearing, counsel for Akebia represented to the court that those reports were not shared with Akebia witnesses during trial. The Defendants note that "[t]he only reason a new trial is not being sought…at this time is that there is no evidence that the Government was involved in this activity." Def.'s Joint Memo. in Opp. to Akebia Restitution Request [#363] at 2.