UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Criminal No. 16-cr-10268-IT |
| | * |
| SCHULTZ CHAN, a/k/a Jason Chan, | * |
| and SONGJIANG WANG, | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER GRANTING GOVERNMENT'S MOTION
FOR CLARIFICATION AND DENYING ITS MOTION FOR RECONSIDERATION
January 28, 2019

TALWANI, D.J.

After the court entered its Memorandum & Order on Mandatory Restitution [#391], the government moved for clarification of that order, and for reconsideration. Mot. [392].[1]

The government's motion suggests that the Memorandum & Order may not have been entirely clear. The court is not barring restitution under 18 U.S.C. § 3663A(b)(4) for expenses incurred for outside attorneys in connection with the victim's "participation in the investigation or prosecution of the offense." When a victim participates in the government's investigation or prosecution, such as when responding to a prosecutor's requests for documents or participating in a restitution hearing, a victim may necessarily incur expenses of a lawyer. The court has only limited necessary participation costs to those that are reasonable. Accordingly, so that there is no confusion, the request for clarification is ALLOWED and the first paragraph of Section B, "Expenses Incurred During Participation," is amended to state:

> Akebia may recover under 18 U.S.C. § 3663A(b)(4) for participation costs, including reasonable attorney's fees, directly tied to the government's investigation and prosecution. The costs of compiling and producing documents in response to government requests for those documents in connection with the criminal investigation, the costs

---
[1] The government also sought additional time to respond to the court's order. Id. The court granted the request for additional time by separate, electronic order. Elec. Order [#393].

incurred in connection with Akebia employees' preparation for interviews by the government prosecutors for this case, and the costs incurred by Akebia as part of the restitution proceedings are proximately caused by the Defendants' conduct. Akebia is entitled to mandatory restitution of those expenses, including attorneys' fees, so long as they are not unnecessary or excessive.

To the extent that the government seeks reconsideration of the Memorandum & Order's conclusion that outside attorneys' fees are not warranted for "attendance" at proceedings, reconsideration is DENIED. Although the government is correct that the Supreme Court did not decide the issue presented here in Lagos v. United States, 138 S.Ct. 1684 (2018), the Court's discussion in that opinion is instructive. In determining whether expenses are limited to those incurred during government investigations and criminal proceedings, or whether expenses include those incurred in private investigations and civil or bankruptcy litigation, the Court considered first the individual words, and then turned to the text of 18 U.S.C. § 3663A(b)(4) as a whole:

> The phrase lists three specific items that must be reimbursed, namely, lost income, child care, and transportation; and it then adds the words, "and other expenses." Lost income, child care expenses, and transportation expenses are precisely the kind of expenses that a victim would be likely to incur when he or she (or, for a corporate victim like GE, its employees) misses work and travels to talk to government investigators, to participate in a government criminal investigation, or to testify before a grand jury or attend a criminal trial. At the same time, the statute says nothing about the kinds of expenses a victim would often incur when private investigations, or, say, bankruptcy proceedings are at issue, namely, the costs of hiring private investigators, attorneys, or accountants. Thus, if we look to *noscitur a sociis,* the well-worn Latin phrase that tells us that statutory words are often known by the company they keep, we find here both the presence of company that suggests limitation and the absence of company that suggests breadth.

Lagos, 138 S. Ct. at 1688–89. If the government is correct, and the statute permits the costs of hiring outside attorneys to attend criminal proceedings on a corporation's behalf, this paragraph would make little sense.

The government argues further that it is both foreseeable and reasonable that a victim corporation will send outside counsel to attend criminal legal proceedings, and that it is consistent with a publicly traded corporation's fiduciary duties to its shareholders that a corporation send a legal representative to attend legal proceedings involving a former employee. Undoubtedly, a victim has a right to attend the criminal proceeding, and to have a representative attend the criminal proceeding on his or its behalf. Whether a corporation's board of directors or officers owe a fiduciary duty to shareholders to send outside counsel to attend criminal proceedings is an assertion well beyond the scope of this order. But the court finds no authority to expand this right of attendance to a right to reimbursement of fees paid to outside counsel attending (but not participating in) trial or other criminal proceedings. The court reiterates that these expenses are not "necessary expenses" subject to mandatory restitution under 18 U.S.C. § 3663A(b)(4).

Date: January 28, 2019 /s/ Indira Talwani
United States District Judge