UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 16-cr-10268-IT |
| | * | |
| SCHULTZ CHAN, a/k/a Jason Chan, | * | |
| and SONGJIANG WANG, | * | |
| | * | |
| Defendants. | * | |

POST-REMAND MEMORANDUM & ORDER
ON MANDATORY RESTITUTION

August 22, 2019

TALWANI, D.J.

Before the court is the government's request, on behalf of Akebia Therapeutics ("Akebia"), for restitution in this insider trading criminal prosecution of Defendants Schultz Chan and Songjiang Wang. For the following reasons, the court awards restitution in the amount of $170,476.36 for Akebia's necessary expenses incurred during participation in the investigation or prosecution of the offense. Defendant Chan shall pay 90% of this amount, or $153,428.72, and Defendant Wang shall pay 10% of this amount, or $17,047.64.

I. PROCEDURAL BACKGROUND

In July 2018, a jury convicted Wang of one count of conspiring to commit securities fraud in violation of 18 U.S.C. § 371 and two counts of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5. The jury also convicted Chan of these same counts and an additional count of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5. The case involved, among other actions, Chan and Wang's purchases of stock of Akebia Therapeutics ("Akebia") while Chan was employed at Akebia.

In a September 2018 letter (the "original request"), Akebia requested restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, in the amount of $306,899.27. In support, Akebia submitted to the probation officer conducting the presentence report a spreadsheet for fees and costs for outside counsel Ropes & Gray, LLP ("the Law Firm"), spreadsheets for contract work performed by Counsel On Call, invoices for technical support provided by StoneTurn Group, LLP ("StoneTurn"), and a victim impact statement from Akebia's General Counsel. Defendants objected that recovery must be limited to "'necessary other expenses' incurred during the government's investigation." Defendants' Joint Memorandum in Opposition to Akebia Restitution Request [#363] at 1 (citing Lagos v. United States, 138 S. Ct. 1684 (2018)).

The court held sentencing hearings for Chan on November 5, 2018, and for Wang on November 13, 2018, in which terms of imprisonment, supervised release, and mandatory assessments were determined. The court held additional hearings (on November 5 and 30), and reviewed the parties' written submissions regarding forfeiture, restitution and fines prior to issuing judgments. On December 3, 2018, the court entered Judgment [#367] as to Chan and Judgment [#369] as to Wang, stating in each that the determination of restitution was deferred until January 16, 2019, and that an amended judgment and schedule of payments would be entered after the restitution issue was resolved. Both defendants and the government filed Notices of Appeal [#371], [#372], [#381].

The government and Akebia filed supplemental briefs, and Defendants filed a reply letter. Government's Brief on the Statutory Construction of 18 U.S.C. § 3663a(B)(4) in Light of *Lagos v. United States* [#378]; Non-Party Akebia Therapeutics, Inc.'s Supplemental Memorandum in Support of its Request for Restitution [#380]; Defendants' Reply [#388].

The court issued a Memorandum & Order on Mandatory Restitution [#391], concluding that Akebia was entitled to seek expenses for certain categories of work but not others, and directing the government to submit a revised request. Id. at 5; see also 18 U.S.C. § 3664(d)(4) ("[a]fter reviewing the report of the probation officer, the court may require additional documentation . . . ."). The government sought clarification as to one category, noting that at the November 30, 2018, hearing, "the Court appeared to acknowledge that Akebia was entitled to restitution for expenses incurred as part of the restitution hearing itself," but that the Memorandum & Order "does not appear to permit Akebia to seek restitution of such expenses." Government's Motion for Additional Time to Respond to the Court's Order on Mandatory Restitution, For Clarification of that Order, and for Reconsideration [#392] (citing Forfeiture Hr'g Trans. 19:9-11 (Nov. 30, 2018)). The government also sought reconsideration of portions of the court's order denying certain categories of expenses. Id. at 1-2.[1]

The court issued an Amended Memorandum & Order on Mandatory Restitution [#395], adding restitution to the permissible categories of expenses for which restitution may be sought, but otherwise denying reconsideration.

The government subsequently filed its Revised Request for Restitution and Objection [#398], requesting restitution on behalf of Akebia in the amount of $312,899.22. Response to Court Order [#398].[2] Defendants filed their Reply to Response [#399], noting, inter alia, that the revised request was higher, not lower, than the original request of $306,899.27, and that certain

---

[1] The government also requested additional time for submitting the revised request. Id. The court allowed additional time, noting that although 18 U.S.C. § 3664(d)(5) requires a determination of a victim's losses within 90 days after sentencing, that deadline was not jurisdictional. Elec. Order [#393] (citing Dolan v. United States, 560 U.S. 605, 608, 611 (2010)).

[2] The government submitted a spreadsheet in support of the request (with a copy to Defendants). The revised spreadsheet included a new field categorizing each billing entry.

3

entries had been revised.³ Akebia filed its own Notice of Request for Restitution [#400]. Akebia
represented that it had removed approximately $73,000 in fees and expenses that it had originally
claimed, and that as to all of the Law Firm expenses and some of the fees, the requests were
withdrawn, but that as to other removed fees, Akebia sought reconsideration of the court's Order.
Akebia did not break down the amounts that had been withdrawn versus the amounts for which
Akebia sought reconsideration. Id. Akebia also stated that "[c]ertain fee entries in the revised
submission were modified to more clearly recognize that [DOJ and SEC were coordinating their
efforts] by noting that the documents reviewed and produced were going to both the SEC and
DOJ." Id. at 3.

On July 26, 2019, the court requested that the First Circuit remand the case pursuant to
Rule 12.1(b) for the court to issue an order regarding restitution, and the government submitted
an assented-to motion for limited remand to the First Circuit. On August 8, 2019, the First
Circuit issued an order granting limited remand.

This Post-Remand Memorandum and Order is intended as the court's final order,
superseding the Memorandum & Order on Mandatory Restitution [#391] and Amended
Memorandum & Order on Mandatory Restitution [#395].

II.     The Mandatory Victim Restitution Act

The Mandatory Victim Restitution Act ("MVRA") applies to certain offenses (including
crimes of violence and offenses against property under Title 18) in which an identifiable victim
has suffered a pecuniary loss. 18 U.S.C. §§ 3663A(c)(1)(A)(ii), (B); see also S. REP. 104-179,
19, 1996 U.S.C.C.A.N. 924, 932 (except in circumstances relating to a plea agreement, the
"mandatory restitution provisions apply only in those instances where a named, identifiable

---

³ Defendants submitted a color-coded copy of the spreadsheet and a key code reflecting their
objections (with a copy to the government).

4

victim suffers a physical injury or pecuniary loss directly and proximately caused by the course of conduct under the count or counts for which the offender is convicted").

Where the MVRA applies, "the court shall order…that the defendant make restitution to the victim of the offense…" 18 U.S.C. § 3663A(a)(1). The MVRA includes four categories of restitution: (1) in the case of an offense resulting in damage to or loss or destruction of property, return of the property or payment of the value of the property; (2) in the case of an offense resulting in bodily injury to a victim, pay equal to costs of necessary medical care, therapy, rehabilitation, and lost income; (3) in the case of an offense resulting in death of the victim, the cost of necessary funeral and related expenses; and (4) in all cases where the MVRA applies, reimbursement "for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. §§ 3663A(b)(1)-(4).

III. Discussion

Akebia does not seek restitution for any loss of property caused by the offense under 18 U.S.C. § 3663A(b)(1). Instead, the claim for restitution for expenses "associated with the Department of Justice's ('DOJ') prosecution of the Defendants" is made exclusively as a claim for reimbursement under § 3663A(b)(4). Defendants do not dispute that the offenses of conviction (securities fraud and conspiracy to commit securities fraud) are offenses against property and that Akebia is a victim, as defined by statute, that has suffered a pecuniary loss caused by the offense. Defendants dispute that all of the claimed expenses were necessary expenses incurred during participation in the investigation or prosecution or attendance at proceedings, and they claim that the fees are not reasonable.

The court starts first with the applicable standard, and then turns to the individual categories of expenses at issue, the appropriate hourly rates for the work, and the division of the restitution award between the two defendants.

A. Standard

1. The Burden of Establishing the Amount and Type of Restitution Lies with the Government

The MVRA provides that "[a]n order of restitution under [the MVRA] shall be issued and enforced in accordance with [18 U.S.C.] section 3664." 18 U.S.C. § 3663A(d). Under 18 U.S.C. § 3664(e), disputes as to the proper amount or type of restitution are resolved by the court on a preponderance of evidence, with the burden of demonstrating the amount of the loss sustained by the victim "on the attorney for the government." At the same time, "a sentencing court is not expected to undertake a full-blown trial" and that "'absolute precision is not required' in calculating restitution under the MVRA." United States v. Naphaeng, 906 F.3d 173, 179 (1st Cir. 2018) (quoting United States v. Mahone, 453 F.3d 68, 74 (1st Cir. 2006)).

2. Only "Necessary Expenses" Are Reimbursable

Akebia and the government have argued that the court should follow the First Circuit's three-part test set forth in United States v. Janosko, 642 F.3d 40, 42 (1st Cir. 2011). In Janosko, the court summarized that expenses under 18 U.S.C. § 3663A(b)(4) "will pass muster if they would not have been incurred in the absence of the offense," id. (citing Hughey v. United States, 495 U.S. 411, 416-18 (1990) and United States v. Cutter, 313 F.3d 1, 7 (1st Cir. 2002)), "were 'not too attenuated' in fact or time from the crime, id. (quoting United States v. Vaknin, 112 F.3d 579, 590 (1st Cir. 1997)), and were reasonably foreseeable." Id. (citing United States v. Collins, 209 F.3d 1, 3-4 (1st Cir. 1999). In the cases cited in Janosko, the First Circuit addressed financial loss resulting from the offense itself. United States v. Janosko, 642 F.3d 40, 42 (1st Cir. 2011);

6

see also United States v. Cutter, 313 F.3d 1, 7 (1st Cir. 2002); United States v. Vaknin, 112 F.3d 579, 589-90 (1st Cir. 1997). In such cases, the court "undertake[s] an individualized inquiry: what constitutes sufficient causation can only be determined case by case, in a fact-specific probe." United States v. Cutter, 313 F.3d 1, 7 (1st Cir. 2002) (quoting United States v. Vaknin, 112 F.3d 579, 589-90 (1st Cir. 1997)). In this inquiry, restitution serves "as a mechanism for making a victim whole by restoring the monetary equivalent of losses suffered in consequence of the defendant's criminal activity." United States v. Salas-Fernandez, 620 F.3d 45, 48 (1st Cir. 2010).

But Janosko and the cases it cites predate the Supreme Court's decision in Lagos v. United States, 138 S. Ct. 1684 (2018). There the Supreme Court addressed whether fees incurred during private investigations were reimbursable expenses under § 3663A(b)(4). In the course of resolving that question, the Supreme Court examined not only the phrase "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense" but § 3663A(b)(4) as a whole. That analysis of § 3663A(b)(4) bears directly on the restitution claim before this court.

At the simplest level, while lower courts had glossed over the word "necessary," Lagos underscored that the expense provision of the MVRA, by its own terms, "is limited to 'necessary ... other expenses.'" Id. at 1668 (quoting 18 U.S.C. § 3663A(b)(4) (emphasis added by the Supreme Court).

The Lagos Court also "consider[ed] the statutory phrase as a whole," id., and in doing so found support for a narrow construction. The Court noted "the phrase lists three specific items that must be reimbursed, namely, lost income, child care, and transportation; and it then adds the words, 'and other expenses.'" Id. at 1688 (quoting 18 U.S.C. § 3663A(b)(4)). The Court reported

7

further that "[a]t the same time, the statute says nothing about . . . the costs of hiring private investigators, attorneys, or accountants." Id. "Looking to noscitur a sociis, the well-worn Latin phrase that tells us that statutory words are often known by the company they keep," the Court found "both the presence of company that suggests limitation and the absence of company that suggests breadth." Id. at 1688-89.

The Lagos Court also pointed out that as a practical matter, a broad reading of the statute – which provides for mandatory restitution – would "create significant administrative burdens" since restitution under this portion is limited to necessary expenses. Id. at 1689. The Court identified the potential burden for district courts in cases involving "teams of lawyers" where the district court would need "to decide whether each witness interview and each set of documents reviewed was really "necessary" to the investigation." Id.[4]

Finally, the Court considered and rejected the government's arguments that under the Court's reading, the statute "will sometimes leave a victim without a restitution remedy sufficient to cover some expenses . . . which he undoubtedly incurred" and that "[l]eaving the victim without restitution remedy . . . runs contrary to the broad purpose" of the MVRA, "namely, 'to ensure that victims of a crim receive full restitution.'" Id. (quoting Dolan v. United States, 560 U.S. 605, 612 (2010). The Court explained that "a broad general purpose of this kind does not always require [the Court] to interpret a restitution statute in a way that favors an

---

[4] The government disputes that this concern should be considered, pointing to the "limiting language of 18 U.S.C. § 3663A(c)(3)(B)," as "allow[ing] a court to deny restitution when it must 'determin[e] complex issues of fact related to the cause or amount of the victim's losses." Gov. Br. [#378] at 2, n.1. The Supreme Court did not look to this exception to mandatory restitution as an aid to construing § 3663A(b)(4), presumably because that exception only applies in sentencing proceedings involving an offense against property, while the expense provision at issue here applies in all cases subject to the MVRA. See 18 U.S.C. § 3663A(b)(4) (reimbursement for necessary expenses applies "in any case"); 18 U.S.C. § 3663A(c)(3) (providing exceptions "in the case of an offense described in paragraph (1)(A)(ii)); id. § 3663A(c)(1)(A)(ii) (identifying offenses against property covered by the MVRA).

8

award," and that in contrast with other restitution statutes which require restitution for the "full amount of the victim's losses," defined to include "any ... losses suffered by the victim as a proximate result of the offense," the MVRA "specifically lists the kinds of losses and expenses that it covers." Lagos, 138 S.Ct. at 1689 (citing 18 U.S.C. §§ 2248(b), 2259(b), 2264(b), 2327(b)). The Court noted finally that where losses are not covered, a victim may bring a civil lawsuit for the full extent of its losses.

In the sum, after Lagos, the question before the court is not merely whether such expenses were foreseeable, but whether they were "necessary."

### 3. Attorneys' Fees, Like Other Expenses, Must Be Necessary and Not Merely Foreseeable

Where the expenses at issue are attorney's fees, the court proceeds with particular care. In civil cases, the "'basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'" Baker Botts L.L.P. v. ASARCO LLC, 135 S. Ct. 2158, 2164 (2015) (quoting Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252–253 (2010) (internal quotation marks omitted)). Similarly, in criminal cases, "[t]he American legal tradition does not, absent specific statutory authority, require defendants to reimburse the government for the costs of their criminal investigations or their criminal prosecutions." United States v. Bevilacqua, 447 F.3d 124, 127 (1st Cir. 2006) (holding that defendant was not be required to pay the fees of a court-appointed special prosecution). Accordingly, attorneys' fees will not be awarded here absent statutory authority.

The MVRA does not address attorneys' fees explicitly. In contrast, a different restitution statute provides that mandatory restitution for victims of trafficking in child pornography includes "any costs incurred by the victim," including "reasonable attorneys' fees." 18 U.S.C.

9

§ 2259(c)(2)(E). The First Circuit has noted that Congress was careful in enacting § 2259 "to specify some definitions of recoverable losses where it had not done so" in the MVRA and another restitution statute, and that difference "must be given weight." United States v. Kearney, 672 F.3d 81, 92 (1st Cir. 2012).

The government and Akebia point to decisions of other courts awarding attorneys' fees as expenses under the MVRA. See, e.g., Akebia [#400] at 4; Government's Motion for Additional Time to Respond to the Court's Order on Mandatory Restitution, For Clarification of that Order, and for Reconsideration [#392] at 2. These cases, however, predate Lagos and use a foreseeability standard, rather than a "necessary" standard.

In sum, attorneys' fees are neither categorically excluded nor included as an expense. Instead, those fees shall be awarded when, and only when, they are necessary expenses.

    B.    The Specific Requests

        1.    Fees for Other Legal Work

Akebia's initial request included fees for work performed by the Law Firm that wase not related to the investigation or prosecution of the offense or attendance at proceedings related to the offense. The court concluded that expenses under the MVRA does not include unrelated expenses, such as fees incurred in connection with a Freedom of Information Act request, fees to conduct a background check for a potential employee, fees for analyses of insurance coverage, public relations costs, advice regarding state privacy laws, office supplies, and bills for taxis for attorneys working late on matters for which reimbursement is not approved. Akebia's second submission does not dispute this determination, and Akebia contends that fees unrelated to the investigation and prosecution and for related costs are not included in Akebia's second submission. Accordingly, the court treats the request for such fees and related costs that do not appear on the second submission withdrawn.

### 2. Expenses Incurred Prior to Participation in the Investigation or Prosecution of the Offense

Akebia's entitlement to necessary expenses incurred during participation in the investigation or prosecution of the offense does not extend to attorneys' fees incurred prior to such proceedings. 18 U.S.C. § 3663A(b) (reimbursement for necessary expenses incurred "during participation in the investigation or prosecution *of the offense* or attendance at proceedings related *to the offense*") (emphasis added); see also Lagos v. United States, 138 S. Ct. 1684, 1688-1690 (2018) (private investigations related to criminal proceedings not covered). Akebia concedes that activities undertaken on June 8, 2016, predate contact with Department of Justice attorneys but argues that work triggered by the Securities and Exchange Commission's (SEC) investigation should be compensated. Akebia has removed this time from the revised spreadsheet but continues to object to the removal of these fees.

Although the SEC may refer potential criminal cases to criminal law enforcement authorities to investigate violations of criminal law, including the offenses at issue here, the SEC's own authority extends to civil violations, such as violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), for which mandatory restitution does not apply. Accordingly, Akebia's request for reimbursement of expenses incurred prior to Akebia's involvement in the criminal investigation, namely the 6.25 hours of time expended on June 8, 2016, as set forth in Akebia's initial request, is denied.

### 3. Expenses Incurred for Work Performed by the Law Firm Related to Compiling and Producing Documents to the Government

Akebia seeks fees for 121 hours of work by a Litigation Support Technician, Litigation Support Analyst, and three paralegals at the Law Firm, and 171 hours of time for attorneys

(associates, senior associate or counsel, and a partner) at the Law Firm related to compiling and producing documents.[5]

Akebia states in its Supplemental Memorandum that Akebia made seven productions of more than 18,000 documents to the Department of Justice, totaling over 85,000 pages. Neither the government nor Akebia has explained, however, how this volume of documents corresponds to the government's prosecution of Defendants' offenses, where Defendant Chan was only employed by Akebia for 10 months. Nor has the government or Akebia set forth the nature of the government's inquiries to Akebia, or explained why Akebia made seven separate productions of documents, or made clear when the productions occurred. Nonetheless, review of the Law Firm spreadsheets supports the assertion that most of the entries categorized by Akebia as "compiling and production" relate to documents sought by the government from Akebia.[6]

The government and Akebia devote little effort to explaining why the work undertaken by the Law Firm work was "necessary." The court finds the work directed to physically compiling and producing the documents (performed primarily by non-attorneys) was directly necessitated by the government's demands for documents. Accordingly, the court approves work

---

[5] Five of the non-attorney entries seem more closely related to Akebia's claim for expenses associated with "witness preparation" than for compiling documents sought by the government, and accordingly are not considered in this section and instead are considered below in connection with the witness preparation request: the November 7, 2017, entry for 1.25 hours of a litigation support analyst's time; the November 9, 2017, entry for 0.5 hours for a paralegal's time; the December 1, 2017, entry for 0.25 hours of a paralegal's time; the December 15, 2017, entry for 0.5 hours of a litigation support analyst's time; and the June 7, 2018, entry for 0.5 hours of a paralegal's time.

[6] Two entries (in addition to the entries listed at footnote 8), namely the June 1, 2017, entry for 0.5 hours of attorney time and the June 3, 2017, entry for 0.5 hours of attorney time, do not contain sufficient information to conclude that they relate to documents sought by the government and are therefore excluded.

for compiling and producing documents by non-attorney Law Firm employees for a total of 117.25 hours.[7]

The extensive additional work performed by attorneys in reviewing these documents, negotiating with the government, and redacting information from disclosure, while clearly designed to protect Akebia's interests, is less easily categorized as "necessary" to participating in the prosecution. Moreover, Defendants' concern that this time is excessive is also legitimate. Although a close call, the court concludes that the government has met its burden to demonstrate that the work performed by attorneys in compiling and producing documents was a necessary expense incurred by Akebia, and approves 158.5 hours of attorney time.[8]

    4.    Expenses Categorized as "Witness Preparation"

The court previously agreed that "costs incurred in connection with Akebia employees' preparation for interviews by the government prosecutors" were costs for which reimbursement could be sought as a necessary expense. According to the spreadsheet submitted, Akebia employees were interviewed by Department of Justice attorneys on December 11, 2017, and January 23, 2018, and attorneys spent 5.75 hours on the earlier date and 6 hours on the later date preparing the employees and attending the interviews. These hours are approved.

---

[7] Akebia has changed a paralegal entry on June 14, 2016, to eliminate a prior reference to work the court found excluded without adjusting the 0.75 hours billed. This entry is disallowed.

[8] On some entries, attorneys used block billing leaving the court unable to determine which fees were necessary and which were not. The court finds that the following entries include block billing and excludes these from reimbursement: an entry on June 14, 2016, for 3 hours of attorney time; an entry on July 21, 2016, for 1.75 hours attorney time; an entry on August 5, 2016, for 0.5 hours of attorney time; an entry for 2.5 hours of attorney time on May 10, 2018; and an entry on May 21, 2018, for 3.75 hours of attorney time.

Akebia also seeks reimbursement for litigation support analyst, paralegal, associate, counsel and partner time for "witness preparation" from November 3, 2017, through January 23, 2018. The court excludes this time as excessive and unnecessary.

Akebia witnesses also testified at trial and Akebia seeks reimbursement for litigation support analyst, paralegal, associate, counsel and partner time for witness preparation relating to trial testimony. Trial witness preparation, however, is the responsibility of the government prosecutor, not private counsel. And although Akebia's counsel may well have assisted the prosecution in presenting the government's case, the mandatory restitution statute does not allow for this shifting of fees to the Defendants. To that end, the time spent on witness preparation between June 5, 2018, and June 25, 2018, is excluded.

        5.        Expenses Incurred to Attend Proceedings

Under the MVRA, a victim also has the right to restitution for reasonable expenses, including "lost income, and necessary child care, transportation and other expenses," to attend proceedings related to the offense. 18 U.S.C. § 3663A(b)(4); see also Lagos, 138 S. Ct. at 1688 ("Lost income, child care expenses, and transportation expenses are precisely the kind of expenses that a victim would be likely to incur when he or she (or, for a corporate victim like GE, its employees) misses work and travels . . . to testify before a grand jury or attend a criminal trial").

Here, Akebia's original request sought reimbursement not just for transportation costs for its representatives to attend such proceedings but for hourly fees for outside counsel and summer associates to watch and report on weeks of trial, status conferences and other proceedings. Akebia has withdrawn its request for summer associate time, but objects to the court's determination that attorneys' fees for attending these proceedings are not necessary costs. The

14

government has objected further to what it describes as a *per se* rule prohibiting costs incurred by a corporation.

The court finds that it is neither foreseeable nor reasonable to charge Defendants attorneys' fees for attending and reporting on criminal proceedings, and moreover, that these fees do not constitute necessary expenses. Indeed, while many individual victims would greatly appreciate having an attorney watch and report on all proceedings relating to the crime, the mandatory restitution scheme supports no such fee shifting provision for individual or corporate victims. The court finds such a luxury unworkable and unjust in a mandatory restitution scheme. Indeed, such a statutory construction would create a bizarre incentive where defendants could not afford to go to trial and would need to minimize the moments they appear in court or the documents they file on the public docket, knowing that they could be charged at sentencing with legal fees for every moment of court time.

Although attorneys' fees for attending these proceedings are not necessary expenses, the court's earlier memoranda were overbroad in excluding Law Firm transportation costs. A victim's necessary transportation costs to attend proceedings are compensable, and where the victim is a corporation, it makes no difference in determining such transportation costs if the corporate representative who travels to the hearing is an employee or outside representative. Accordingly, the court will impose as necessary expenses the transportation costs for attending court proceedings that are listed on Akebia's original submission.

In sum, the court finds restitution for Akebia's expenses to attend proceedings limited to costs for transportation expenses in the amount of $410.53.

6. Fees Incurred in Seeking Restitution

Akebia seeks fees for 133.75 hours of attorney time and 3.5 hours of non-attorney time. The court finds much of the request for attorney time unreasonable.

First, the court finds no basis for 6 hours of Associate and Partner time in 2017 sought in connection with the restitution request made in 2018 and disallows this time.

The court allows the 20.75 hours of Associate, Counsel and Partner time and 1.5 hours for paralegals between July 10 and September 21, 2018 (when the initial restitution submission was filed).

The court finds no explanation for the 5.5 hours of Associate time in October 2018 and disallows this time.

The court finds the demand for 94.5 hours of Associate, Counsel, and Partner time in between November and January 10, 2019, unreasonable. Under the MVRA, the government has the burden of seeking and establishing a claim for restitution. Although the court permitted Akebia's private counsel's participation at the restitution hearing and allowed Akebia to submit additional briefing, nothing in the statute permits the excessive fees sought for this time period. The court will allow 20% of the hours billed during this time period.

C. Law Firm Hourly Rates

Akebia seeks reimbursement for work performed by individuals at the Law Firm, billed in quarter hour increments, as follows: Paralegal ($194.75 - $266); Paralegal ($351.50); Paralegal ($240.50-$275.50); Litigation Support Technician ($204.25- $232.75); Litigation Support Analyst ($247 - $327.75); Associate ($361); Associate ($513-$883.50); Associate ($836-$907.25); Associate ($940.50); Counsel ($969-$1030.75); and Partner ($997.50-$1,159).

Akebia offers no support for the rates sought or the quarter hour billing utilized. Akebia submitted no affidavits with the restitution request. See 18 U.S.C. § 3664(D)(A)(vi) (describing "opportunity of the victim to file with the probation officer a separate affidavit relating to the amount of the victim's losses subject to restitution"); and no explanation has been provided as to whether the spreadsheets (which include a heading "agreed rates") correspond to actual bills, or at least reflect rates charged for other work performed for this client. Nor has Akebia made any efforts to justify the rates sought as "reasonable" based on "prevailing market rates in the relevant community" as generally occurs where the court is tasked with determining reasonable fees. See generally Blum v. Stenson, 465 U.S. 886 (2010); Gay Officers League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). That said, Defendants have not objected to the rate or quarter hour billing sought by Akebia.

The court accepts the rates in part. As Akebia has not explained the rate changes (generally increases, but occasionally decreases), or how rates were set for different non-attorneys with the same job title, the court imposes restitution at an hourly rate for each non-attorney employee at the lowest rate given for that job title on the spreadsheets and for each attorney at the lowest rate given for that individual on the spreadsheets.

D.   Division of the Restitution Award Between Defendants Chan and Wang

Title 18, section 3664(h), permits the court to apportion liability among defendants, but does not require it to do so, leaving the court to determine whether to make each defendant liable in full or in part for restitution. United States v. Moran-Calderon, 780 F.3d 50, 52 (1st Cir. 2015). "The court may consider, among other things, the relative culpability of those responsible for the loss[, but] is not required to use any particular formula for apportionment or, indeed, to apportion the loss at all." United States v. Salas-Fernandez, 620 F.3d 45, 49 (1st Cir. 2010).

Here, Defendant Chan was a former employee of Akebia, and obtained Akebia's nonpublic information through that employment. Although Wang sought to benefit from Chan's actions, it was Chan's actions that drove the expenses Akebia incurred. Accordingly, the court apportions restitution due to Akebia from Defendant Chan at 90% of the amount due and Defendant Wang at 10% of the amount due.

## III. CONCLUSION

Accordingly, the court awards Akebia restitution in the amount of $170,476.36. Of this amount, Chan is liable for 90%, or $153,428.72, and Wang is liable for 10%, or $17,047.64. The clerk is directed to file on the docket but under seal copies of the submissions referenced on page 2, paragraph 2, and footnotes 2 and 3 to ensure that a complete record of these proceedings is available for appellate review. The government shall promptly submit a proposed order of restitution consistent with this memorandum and order.

Date: August 22, 2019                     /s/ Indira Talwani
                                          United States District Judge