FILED
IN CLERKS OFFICE

2021 MAY 20 AM 11:00

U.S. DISTRICT COURT
DISTRICT OF MASS.

THE DISTRICT COURT OF MASSACHUSETTS

No. 21-10192-IT

United States of America

Respondent

v.

Schultz Chan. A/k/a Jason Chan,

Defendant-Petitioner

## MOTION TO REQUEST FOR EVIDENCES AND NOTIFY MAILING ADDRESS CHANGE

One purpose of this motion is to notify the court of the change of Petitioner's mailing address (see below for the new mailing address).

Since the filing of Petitioner's 2255 motion on January 29, 2021, several months has passed, but government agents have not disclosed the FINRA referral letter and grand jury material. Petitioner has demonstrated particularized needs for these evidences, according to law, government agents have a duty to disclose them. Government agents seem to believe that a court order can shield their responsibility from disclosing exculpatory evidences, but they do not realize that a judge's opinion has no force in front of constitutional rights and federal law.

Since the FINRA referral letter and grand jury material are crucial to the resolution of Petitioner's 2255 motion; also, it will take government agents very little effort to disclose the requested evidences. Petitioner requests the court to order the government to disclose these two evidences as soon as possible.

In an email to judge Talwani on August 14, 2018 at 7:47 am (this email was copied to Mr. Peter Horstmann), Petitioner outlined what had happened in the criminal case. Below (in italic) is an excerpt from that email.

*As mentioned in the rule 29 motion, the key evidences in this case are evidences related to trial exhibits #250 and #355. We will refer these as **key evidences** below.*

*The nutshell of this case is very simple, the government believes that something illegal happened related to **key evidences**. In the government's effort to prove this theory, a web of prosecutorial misconducts had been committed by various people involved in this case. Most notably, the following misconducts (there are many other misconducts, too numerous to list them all):*

### I.     Ethical rule violations

#### I.1 FBI agents David Cirilli and Bryan McKay

*From agent McKay's trial testimony, instead of pursuing the truth, it is obviously that Cirilli and McKay planned to set Mr. Chan up ahead of their interview with him on 6/7/2016.*

1

### *I.2 Assistant US attorneys Sarah Walters and Stephen Frank*

Walters and Frank rushed to judgement without proper investigation. Mr. Chan was subpoenaed to testify to a grand jury on 6/14/2016, Walters and Frank decided to charge him before he had a chance to testify. Also, according to Akebia and Merrimack SEC responses timelines, Walters and Frank charged Mr. Chan months before Akebia and Merrimack completed their SEC responses.

## II.     Professional rule violations

### *II.1 FBI agents David Cirilli and Bryan McKay*

From agent McKay's trial testimony, instead of reporting the truth in their FD-302, it is obviously that Cirilli and McKay intentionally twisted and turned what Mr. Chan said to them in the interview on 6/7/2016.

### *II.2 Assistant US attorneys Sarah Walters and Stephen Frank*

Multiple notices about mistakes in this case had been sent to Walters and Frank, including two motions to dismiss the case. Instead of seeking justice, Walters and Frank used heavy hand tactics to win at all cost.

### *II.3 Assistant US attorneys Jordi De Llano and Kriss Basil*

De Llano and Basil knew that, in the second superseding indictment and trial brief, statements related to MM-121 and MM-302 are flat out lies. Instead of seeking justice, in their effort to win at all cost, they intentionally kept these false statements in the documents so that they could introduce **key evidences** to the jury trial.

## III.    Legal violations

### *III.1 Fabricating false and fraudulent affidavits*

Based on evidences admitted at trial, which prove that Cirilli (most likely with help from Walters and Frank) fabricated the following false and fraudulent affidavits:

(1) Criminal complaint against Mr. Chan on 6/13/2016;

(2) Criminal complaint against Mr. Wang on 2/6/2017;

(3) Property search warrant of Mr. Wang's property on 2/6/2017.

### *III.2 Perjuries in grand jury proceedings*

Although defense did not get grand jury transcripts and exhibits, defense had strong reason to believe that Cirilli (most likely with help from Walters and Frank) committed perjuries in the 9/13/2016 and 3/28/2017 grand jury proceedings. Defense seeks a formal investigation to confirm this.

### *III.3 Tampering with evidences*

Defense had strong reason to believe that Cirilli (probably with help from Walters and Frank) intentionally deleted exculpatory evidences in the case. Defense welcomes a formal investigation to confirm this.

*Honorable judge Talwani, defendants were wrongly prosecuted by the government in this case, and we are seeking justice from this court.*

Petitioner once again ask this court to order the government to disclose FINRA referral letter and grand jury material as soon as possible.

Respectfully submitted,

Schultz Chan

22 Torreys Post

San Antonio, TX 78240

S. Chan          Date: 5/17/2021