UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 16-cr-10268-IT |
| | * | |
| SCHULTZ CHAN, a/k/a Jason Chan, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

August 13, 2021

TALWANI, D.J.

On February 3, 2021, *pro se* Petitioner Schultz Chan filed a Petition to Vacate Under 28 U.S.C. § 2255 [#476]. One of the grounds raised in Chan's Petition [#476] is that Chan's lawyer "refused to present" the argument that "government agents tampered with [ ] exculpatory evidence[.]" Id. at ¶ 13. On February 23, 2021, the government filed a Motion for Order Regarding Waiver of Attorney Client Privilege [#478] seeking an order from the court directing Chan's trial counsel to disclose to the government such matters as are reasonably necessary to respond to Chan's claim or, in the alternative, this court to advise Chan of the consequences of his assertions of an ineffective assistance of counsel claim and "to afford Chan the opportunity to withdraw those claims if he so chooses." Id. at 1. On March 15, 2021, Chan filed an Opposition [#484] to the government's Motion [#478] objecting to any order waiving attorney-client privilege, arguing that "all the matters in [Chan's] 2255 motion can be resolved based on the records." Opp'n 1 [#484].

While Chan did not describe his petition as raising an ineffective assistance of counsel claim, the court understands it as such; Chan is alleging his lawyer refused to present an

argument that was supported by evidence. Pet. ¶ 13 [#476]. Claims challenging counsel's choices of defense strategies as deficient are clear examples of ineffective assistance of counsel claims. See Strickland v. Washington, 466 U.S. 668, 690 (1984) ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."). To respond to Chan's claim, the government would either need to review communications between Chan and his attorney concerning the decision not to present the argument that government agents tampered with evidence or review an affidavit from Chan's attorney responding to the claim. See Oliver v. United States, No. CR. 07-10016-MLW, 2010 WL 2612738, at *1 (D. Mass. June 25, 2010) (citing Johnson v. Alabama, 256 F.3d 1156, 1178-79) (11th Cir. 2001)); see also Johnson, 256 F.3d at 1178 ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the petitioner] put at issue-and thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices."); United States v. Goodwyn, 797 F. Supp. 2d 177, 182 (D. Mass. 2011) ("By claiming ineffective assistance of counsel in his § 2255 petition, Goodwyn has impliedly waived attorney-client privilege with respect to communications with [his attorney] necessary to prove or disprove his claim.") (citation omitted).

      As a *pro se* Petitioner, Chan was presumably unaware of this consequence of his claim of ineffective assistance of counsel, and he now argues "there is no need for wa[i]ving the attorney-client privilege." Opp'n 1 [#484]. In light of his *pro se* status, the court will allow Chan the opportunity to remove his ineffective assistance of counsel claim from his Petition [#478] to preserve the privilege. See Instituto de Educacion Universal Corp. v. United States Dept. of

Educ., 209 F.3d 18, 23 (1st Cir. 2000) (affording *pro se* litigant an opportunity to replead because "the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel") (internal citation and quotation omitted); see also Bittaker v. Woodford, 331 F.3d 715, 720 (9th Cir. 2003) ("The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it."); Oliver, 2010 WL 2612738, at *1 (same). If Chan chooses not to withdraw this claim, the court anticipates finding a waiver of attorney-client privilege.

Accordingly, it is hereby ORDERED:

1. The government's Motion for Order Regarding Waiver of Attorney-Client Privilege [#478] is ALLOWED in part and DENIED without prejudice in part.

2. By September 30, 2021, Chan shall either file a notice withdrawing his ineffective assistance of counsel claim from his Petition [#476] or a statement of his intention to maintain that claim. Should he maintain the ineffective assistance of counsel claim, the government may, by October 14, 2021, renew its Motion for Order Regarding Waiver of Attorney-Client Privilege [#478].

3. The government's deadline to respond to Chan's Petition [#476] remains stayed.

August 13, 2021                                     /s/ Indira Talwani
                                                    United States District Judge