UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCHULTZ CHAN, a/k/a Jason Chan,     *
    *
      Petitioner,     *
    *
       v.     *     Criminal Action No. 1:16-cr-10268-IT
    *
UNITED STATES OF AMERICA,     *
    *
      Respondent.     *

MEMORANDUM & ORDER

March 25, 2022

TALWANI, D.J.

On July 10, 2018, a jury convicted Schultz Chan of one count of conspiring to commit securities fraud, in violation of 18 U.S.C. § 371, and three counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5. The court sentenced Chan to a thirty-six-month term of incarceration on each count, to be served concurrently, and one year of supervised release on each count, to be served concurrently. Now pending before the court is Chan's *pro se* Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 476], based on five distinct grounds: (i) prejudice from a constructive amendment to and variance from the second superseding indictment ("SSI"); (ii) insufficiency of evidence as to the charges in the SSI; (iii) violation of Chan's right to a fair review by the First Circuit; (iv) violation of his right to a fair trial (based on (a) a claimed prejudicial variance from the SSI, (b) a denial to his motion to produce the Financial Industry Regulatory Authority ("FINRA") referral letter, which he purports to be Brady material, and (c) non-disclosure of the grand jury materials, which he

believes contain perjured testimonies); and (v) ineffective assistance of counsel.[1] Also pending is

Chan's <u>Motion to Request for Evidences</u> [Doc. No. 485], <u>Motion to Compel Discovery</u> [Doc.

No. 502], and <u>Request for Exculpatory Evidence</u> [Doc. No. 503]. For the following reasons, the

motions are DENIED.

I.      **Background**

    A.    *Factual Background*

The court discussed the factual background of this case in detail in its <u>Memorandum and

Order</u> [Doc. No. 328] denying the <u>Joint Motion for Judgment of Acquittal and for a New Trial</u>

[Doc. No. 266]. That background is incorporated here by reference.

    B.    *Direct Appeal*

Chan and his co-defendant, Songjang Wang, appealed their convictions, arguing that they

were entitled to a judgment of acquittal because of (1) a prejudicial variance from the allegations

in the SSI and (2) an insufficiency of evidence as to the counts of securities fraud on which the

jury convicted them. <u>See</u> <u>United States v. Chan</u>, 981 F.3d 39, 51-52 (1st Cir. 2020). On

November 20, 2020, the First Circuit rejected Defendants' arguments and affirmed their

convictions. <u>Id.</u> at 61, 66. The First Circuit also found that Defendants waived arguments related

to a constructive amendment of the SSI, <u>id.</u> at 55 n.7, and the demand for purported <u>Brady</u>

material in the form of the FINRA referral letter, <u>id.</u> at 62-63.

---

[1] Chan's motion lists seven "grounds" for relief: (1) "Violation of defendants' fundamental rights
to a fair trial," (2) "Prejudicial variance and constructive [amendment] of the [SSI]," (3) "The
Court of Appeals denied Defendants' right to a fair review," (4) "Count 1 of SSI," (5) "Count 2
of SSI," (6) "Count 3 of SSI," and (7) "Count 4 of SSI." Mot. to Vacate [#476]. Many of the
grounds contain sub-issues. However, several of the grounds and sub-issues overlap and
effectively raise the same claim.

### C.    Post-Sentence Motions

On February 23, 2021, Chan filed the pending <u>Motion to Vacate</u> [Doc. No. 476]. He

subsequently filed the pending <u>Motion to Request for Evidences</u> [Doc. No. 485], <u>Motion to</u>

<u>Compel Discovery</u> [Doc. No. 502], and <u>Request for Exculpatory Evidence</u> [Doc. No. 503].

## II.    Standard of Review

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct

his or her sentence. Relief may be granted on the grounds that "the sentence was imposed in

violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction

to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law,"

and (4) the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). In seeking to

collaterally attack a conviction, the burden is on the petitioner to show entitlement to relief,

<u>David v. United States</u>, 134 F.3d 470, 474 (1st Cir. 1998), including any entitlement to an

evidentiary hearing, <u>Cody v. United States</u>, 249 F.3d 47, 54 (1st Cir. 2001). "If it plainly appears

from the face of the motion, any attached exhibits, and the record of prior proceedings that the

moving party is not entitled to relief in the district court, the [court] must dismiss the motion[.]"

Rule 4(b) of the Rules Governing Section 2255 Proceedings. In other words, a motion brought

under § 2255 may be denied without a hearing if the allegations contained in the motion, even if

taken as true, do not entitle the petitioner to relief, or if they need not be accepted as true because

they state conclusions rather than facts. <u>See</u> <u>Shraiar v. United States</u>, 736 F.2d 817, 818 (1st Cir.

1984).

A motion that is filed *pro se* must be construed more leniently than one drafted by an

attorney. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). But the motion must nevertheless

comply with the procedural and substantive requirements of the law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

### III.   Discussion

A.   *Issues that Were Previously Raised Are Procedurally Barred*

"[A] § 2255 proceeding is a collateral remedy available to a petitioner only when some basic fundamental right is denied, and not as routine review at the behest of a defendant who is dissatisfied with his sentence." Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). "Absent an intervening change in the applicable law, issues that have been raised and decided on a motion for a new trial cannot be reconsidered in a subsequent collateral attack." Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984) (quotation omitted). Moreover, "the rule is clear that claims raised and rejected on direct appeal may not be resurrected on collateral review under the aegis of a section 2255 petition." Faulhaber v. United States, 66 F.3d 306, 1995 WL 564498, at *1 (1st Cir. 1995) (unpublished).

In their Joint Motion for Judgment of Acquittal and for a New Trial [Doc. No. 266], Defendants made arguments related to the prejudicial nature of the variance and the lack of evidence to support the charges in the SSI. See Mem & Order 19-20, 35 [Doc. No. 328]. The court rejected those arguments, id. at 35, and the First Circuit affirmed, see Chan, 981 F.3d at 61 (rejecting defendants' arguments of prejudicial variance from the SSI and insufficiency of evidence as to the charges). Accordingly, to the extent that Chan's Motion to Vacate [Doc. No. 476] argues (i) a prejudicial variance from the SSI and (ii) a lack of evidence to support the charges in the SSI, the motion is denied.

B.   *Issues that Could Have Been Raised on Direct Appeal Are Procedurally Barred*

"[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate

cause for the failure and prejudice or actual innocence." Berthoff v. United States, 308 F.3d 124, 127–28 (1st Cir. 2002); see also Elwell v. United States, 95 F.3d 1146, 1996 WL 516138, at *5 (1st Cir. 1996) (unpublished) (A petitioner "is not entitled to relitigate issues [in the § 2255 motion] that could have been raised on direct appeal, but were not, absent a showing of cause excusing the default and actual prejudice resulting from the error of which he complains").

In reviewing this court's denial of Defendants' motion to compel discovery of the FINRA referral letter, the First Circuit found "undeveloped" the Defendants argument that the FINRA referral letter constitutes Brady material to which they were entitled. Chan, 981 F.3d at 61-62. Specifically, the First Circuit noted that Defendants "simply stated the issue along with some conjecture about what the FBI, the grandy jury, and FINRA may have relied up on during their investigations." Id. Thus, the First Circuit found that "the defendants ha[d] not given [it] any reason to conclude the district court abused its discretion when it denied their motion to compel." Id. The First Circuit similarly found that Defendants waived the argument "that a constructive amendment to the SSI occurred at trial" because they "d[id] not provide any argument or case law about how the evidence the government presented at trial constituted a constructive amendment from the SSI." Id. at 55 n.7. Defendants clearly had the opportunity to raise both issues on direct appeal but failed to do so properly.

In his Motion to Vacate [Doc. No. 476], Chan does not explain why on direct appeal he did not provide "any argument about how the district court abused its discretion when it denied the defendants' pre-trial motion to compel" the FINRA referral letter, id. at 62, nor do more than "define the concept [of constructive amendment] and mention it a couple of times," id. at 55 n.7, resulting in the First Circuit finding both arguments waived. Accordingly, Chan's Motion to Vacate [Doc. No. 476] is denied with respect to the arguments that (i) a prejudicial constructive

amendment to the SSI occurred at trial and (ii) the FINRA referral letter constitutes undisclosed Brady material, violating his right to a fair trial.

      *C.*     *Challenges to the First Circuit's Decision Are Procedurally Barred*

In the Motion to Vacate [Doc. No. 476], Chan contends that the First Circuit violated his right to a "fair review" and requests relief from this court. Such a request, however, is at odds with the "'proper working relationships' between the various courts in our muti-tiered federal judiciary." Diaz v. Jiten Hotel Mgmt., Inc., 741 F.3d 170, 175 (1st Cir. 2013) (affirming that the mandate rule requires a lower court to carry out a higher court's orders after remand). Thus, the ruling "of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court." Biggins v. Hazen Paper Co., 111 F.3d 205, 209 (1st Cir.1997) (internal quotation marks omitted). In short, § 2255 does not provide a vehicle for a district court to review appellate decisions. Thus, Chan's motion is denied insofar as he claims that the First Circuit denied his right to fair review.

      *D.*     *Issues Raised in the Motion that Are Not Procedurally Barred Fail to State a Claim*

      1.     Violation of Right to a Fair Trial by Failing to Disclose Grand Jury Materials

Chan's final basis for his claim that his right to a fair trial was violated rests on the non-disclosure of the grand jury materials, which he believes contain perjured testimonies. Mot. to Vacate 4 [Doc. No. 476].[2] This issue has not been previously address on the merits or waived, where the court denied Defendants' Joint Motion for Discovery of Grand Jury Evidence [Doc. No. 335] because Defendants' appeal had deprived the court of jurisdiction to address the issue,

---

[2] Chan's other bases for his claim of a violation of his right to a fair trial are: (i) a prejudicial variance from the SSI and (ii) a denial to his motion to produce the FINRA referral letter, which he purports to be Brady material. Id. As discussed above, both issues are procedurally barred from being raised in a § 2255 motion.

<u>see</u> Order [Doc. No. 473] (citing Rule of Criminal Procedure 37), and the First Circuit found that "without a ruling from the district court this claim of 'error' [regarding non-disclosure of grand jury materials] [was] not ripe for [] review," <u>Chan</u>, 981 F.3d at 50 n.4.

"The Supreme Court has repeatedly recognized the importance of secrecy in grand jury proceedings even after . . . the grand jury has concluded its function." <u>United States v. McMahon</u>, 938 F.2d 1501, 1504 (1st Cir.1991) (citing <u>Douglas Oil Co. v. Petrol Stops Nw.</u>, 441 U.S. 211, 222 (1979). Under Federal Rule of Criminal Procedure 6(e)(3), however, the court has discretion to authorize the disclosure of grand jury material in limited circumstances. Relevant to this case, the court may authorize disclosure "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Fed. R. Crim. P. 6(e)(3)(E)(ii). The "requesting defendant bears the burden of showing a 'particularized need' for the requested material, that is, that 1) the material sought is needed to avoid a possible injustice in another judicial proceeding, 2) the need for disclosure outweighs the need for continued secrecy and 3) the request is structured to cover only what is needed." <u>United States v. George</u>, 839 F. Supp. 2d 430, 437 (D. Mass. 2012) (quoting <u>Douglas Oil Co.</u>, 441 U.S. at 222).

Chan contends that FBI agent McKay's trial testimony proves that FBI agent Cirilli fabricated the criminal complaint affidavit, in which he relied on the FINRA referral letter, to secure the indictment against Chan. Mot. to Vacate 4 [Doc. No. 476]. Further, Chan "believes[s] that perjured testimonies were presented to the grand jury to obtain the indictments . . . which render the indictments invalid." <u>Id.</u> Chan concludes that he has "shown a particularized need[] for disclosure of grand jury minutes." <u>Id.</u> The court disagrees.

7

As an initial matter, "a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." United States v. Flores-Rivera, 56 F.3d 319, 328 (1st Cir. 1995) (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988)). "Errors before the grand jury will often be deemed harmless if the defendants were subsequently and properly convicted before an impartial petit jury." Id. (citing United States v. Valencia–Lucena, 925 F.2d 506, 511 (1st Cir. 1991)). Since Chan was convicted by a petit jury, which never reviewed the FINRA referral letter nor heard the allegedly perjurious testimony, the indictment did not prejudice Chan, and the court may not dismiss it.

Moreover, absent his conclusory assertion that trial testimony proves misconduct in the grand jury proceedings, Chan provides no basis on which the court can find malfeasance. Federal Rule of Criminal Procedure 6(e)(3)(E) "is not an invitation to engage in 'fishing expeditions' for misconduct in grand jury proceedings 'when there are no grounds to believe that any wrongdoing or abuse has occurred.'" George, 839 F. Supp. 2d at 437 (quoting United States v. Rodriguez–Torres, 570 F.Supp.2d 237, 241 (D.P.R.2008)). By making the speculative allegation that the grand jury received perjured testimony, Chan fails to satisfy his burden of demonstrating a particularized need to compel production of the grand jury materials.[3] Accordingly, Chan's Motion to Vacate [476] with respect to his claim that his right to a fair trial was violated by the non-disclosure of the grand jury materials is denied.[4]

---

[3] Although the First Circuit found the issue of whether Defendants had shown "a particularized need" for the grand jury materials "not ripe for review," the First Circuit also noted Defendants' "lack of developed argument on this point." Chan, 981 F.3d at 50 n.4.

[4] Chan's Motion to Request for Evidences [Doc. No. 485] reiterates in part this request for grand jury material and is denied for the same reason.

2.       Ground of Ineffective Assistance of Counsel

While Chan does not explicitly raise an ineffective assistance claim in the Motion to Vacate [Doc. No. 476], he does argue that his lawyer "refused to present" the argument that "government agents tampered with [] exculpatory evidence[.]" Mot. to Vacate 9 [Doc. No. 476]. The evidence that Chan alleges the government tampered with is an email from Karen Annis to Chan on August 21, 2015 ("Annis e-mail"), and Akebia's response to Request 1 made by the SEC on June 8, 2016 ("Akebia response"). Id. The court has previously determined that Chan's assertion raises an ineffective assistance of counsel claim because "Chan is alleging his lawyer refused to present an argument that was supported by evidence." Mem. & Order 1-2 [Doc. No. 487].

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 509 (2003). As such, the claim is properly before the court in Chan's Motion to Vacate [Doc. No. 476].

To establish a claim of ineffective assistance of counsel, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). "The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (internal citations omitted). The Constitution does not guarantee a defendant a perfect or successful defense. See Moreno-Espada v. United States, 666 F.3d 60, 65 (1st Cir. 2012). Rather,

"the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991).

An ineffective assistance of counsel claim has two elements. First, the court determines whether counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 690. The court should be "highly deferential" in scrutinizing counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Second, the court assesses whether counsel's challenged acts or omissions prejudiced the petitioner. Id. at 694. This requires the petitioner to demonstrate that "there is a reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. The court need not address both elements if the petitioner makes an insufficient showing on one of them. Id. at 697. Additionally, "when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's [criminal proceedings], the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

Chan is unable to establish deficient performance by his counsel in deciding to not pursue a "tampered evidence" strategy because the record undermines Chan's claim that the government tampered with the Annis e-mail or the Akebia response. With respect to Chan's concerns about the Annis e-mail, Chan's counsel "requested production of the metadata for the Akebia production prior to trial and [was] given access to the metadata at the U.S. Attorney's office 2-3 weeks before trial." Aff. of Peter Charles Horstmann ¶ 18 [Doc. No. 500]. Chan's counsel testified that he is "not presently aware of any evidence in the metadata or otherwise that shows that Mr. Chan's emails were tampered with." Id. at ¶ 19. With respect to Chan's concerns about

the Akebia response, Chan's counsel testified that he requested such letter and was "satisfied before trial that no such letter/information existed." Id. at ¶ 20. Chan offers no support to the contrary. Finding no evidence of tampering, Chan's counsel acted well within reason by not raising frivolous claims.[5]

       E.     *Chan is Not Entitled to Discovery*

Chan's Motion to Request for Evidences [Doc. No. 485], Motion to Compel Discovery [Doc. No. 502] and Request for Exculpatory Evidence [Doc. No. 503] seek the FINRA letter and grand jury testimony discussed above. With regard to the FINRA letter, where the claim is procedurally barred, Chan's renewed argument for this material is moot. With regard to the grand jury material, Chan is not entitled to the material, for the reasons set forth above.

## IV.    Conclusion

For the reasons set forth above, Chan's Motion to Vacate [Doc. No. 476], Motion to Request for Evidences [Doc. No. 485], Motion to Compel Discovery [Doc. No. 502] and Request for Exculpatory Evidence [Doc. No. 503] are DENIED.

IT IS SO ORDERED.

March 25, 2022                      /s/ Indira Talwani
                                   United States District Judge

---

[5] The court does not assess the second element of an ineffective assistance claim—whether counsel's challenged acts or omissions prejudiced the petitioner—since Chan's counsel acted reasonably under the circumstances.