UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Criminal No. 16-cr-10268-IT |
| | * |
| SCHULTZ CHAN, a/k/a Jason Chan, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

March 30, 2022

TALWANI, D.J.

Pending before the court is Defendant Schultz Chan's Motion for Recusal [Doc. No. 505].

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This requirement ensures that the "courts must not only be, but seem to be, free of bias or prejudice." In re United States, 158 F.3d 26, 30 (1st Cir. 1998). Where there is a close call with regard to recusal, "the balance tips in favor of recusal." Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995). However, courts must not grant recusal simply to avoid any allegation of prejudice, since doing so "would provide litigants with a veto against unwanted judges." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001). Instead, courts must weigh the objective facts asserted, "not rumors, innuendos, and erroneous information," and consider whether the actual facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." In re United States, 666 F.2d 690, 695 (1st Cir. 1981). A judge "has a duty not to recuse himself or herself if there is no objective basis for recusal." In re United States, 441 F.3d 44, 67 (1st Cir.

1

2006).

Chan asserts that I have committed legal error in my rulings related to his criminal trial. But "judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion…. Almost invariably, they are proper grounds for appeal, not for recusal." Liteky v. United States, 510 U.S. 540, 555 (1994).

Chan asserts further that I am biased and prejudiced. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. This is not such a case. Chan's unsupported allegation of bias and prejudice does not change that determination.

Accordingly, having found no objective basis for recusal, Defendant's Motion for Recusal [Doc. No. 505] is DENIED.

IT IS SO ORDERED.

March 30, 2022                    /s/ Indira Talwani
                                  United States District Judge