UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 16-cr-10268-IT |
| | * | |
| SCHULTZ CHAN, a/k/a Jason Chan, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

December 15, 2022

TALWANI, D.J.

Pending before the court is Defendant Schultz Chan's Motion for Reconsideration and Renewed Motion for Recusal [Doc. No. 507]. For the following reasons, the motion is DENIED.

### I.   Factual and Procedural Background

On July 10, 2018, a jury convicted Defendant Schultz Chan of one count of conspiring to commit securities fraud, in violation of 18 U.S.C. § 371, and three counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5. The court sentenced Chan to a thirty-six-month term of incarceration on each count, to be served concurrently, and one year of supervised release on each count, to be served concurrently.

The factual background of this case is set forth in detail in its Memorandum and Order [Doc. No. 328] denying Chan and his co-defendant Songjang Wang's Joint Motion for Judgment of Acquittal and for a New Trial [Doc. No. 266] and is incorporated here by reference.

The First Circuit's denial of Chan and his co-defendant's appeal of their convictions is reported at United States v. Chan, 981 F.3d 39 (1st Cir. 2020), and discussed in the court's March 25, 2022 Memorandum and Order [Doc. No. 504].

1

On March 25, 2022, the court denied Chan's Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 476], Motion to Request for Evidences [Doc. No. 485], Motion to Compel Discovery [Doc. No. 502], and Request for Exculpatory Evidence [Doc. No. 502]. Mem. & Order [Doc. No. 504]. On March 30, 2022, the court denied Chan's Motion for Recusal [505]. Mem & Order [Doc. No. 506].

Chan's pending Motion for Reconsideration and Renewed Motion for Recusal [Doc. No. 507] (i) again seeks my recusal and (ii) seeks reconsideration of the March 25, 2022 Memorandum and Order [Doc. No. 504].

## II.     Standard of Review

"A district court may grant a motion for reconsideration 'if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.'" United States v. Cintron, 724 F.3d 32, 36 n.5 (1st Cir. 2013) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)). "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Id.

## III.    Renewed Motion for Recusal

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This requirement ensures that the "courts must

2

not only be, but seem to be, free of bias or prejudice." In re United States, 158 F.3d 26, 30 (1st Cir. 1998). Where there is a close call with regard to recusal, "the balance tips in favor of recusal." Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995). However, courts must not grant recusal simply to avoid any allegation of prejudice, since doing so "would provide litigants with a veto against unwanted judges." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001). Instead, courts must weigh the objective facts asserted, not "rumors, innuendos, and erroneous information," and consider whether the actual facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." In re United States, 666 F.2d 690, 695 (1st Cir. 1981). A judge "has a duty not to recuse himself or herself if there is no objective basis for recusal." In re United States, 441 F.3d 44, 67 (1st Cir. 2006).

Chan reasserts his belief that I am biased and prejudiced but provides no additional evidence in support of his unsupported allegations, which I have already considered once and rejected. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).

Accordingly, Chan's renewed request for my recusal is denied.

**IV.    Motion for Reconsideration of the Motion to Vacate under 28 U.S.C. § 2255**

With respect to reconsideration of the March 25, 2022 Memorandum and Order [Doc. No. 504], Chan contends that the court erred in finding that: (i) issues raised on a motion for a new trial, as well as issues either raised on direct appeal or that could have been, are procedurally

barred from being raised on a motion to vacate under 28 U.S.C. § 2255 ("§ 2255"), and relatedly the court should reconsider whether (a) insufficient evidence exists for each of the counts Chan was convicted of and (b) a prejudicial constructive amendment to the second superseding indictment ("SSI") occurred at trial; and (ii) Chan's right to a fair trial was not violated where (a) Chan has not demonstrated a particularized need for the grand jury testimony and (b) the indictment did not prejudice Chan.

> A.  *Procedurally Barred Issues Under § 2255*

Chan contends that "legally erroneous" opinions are not procedurally barred on a motion to vacate under § 2255. Mot. for Recons. & Recusal 1 [Doc. No. 507]. In support of his assertion, Chan cites language from the § 2255 form, which requests that the petitioner "state every ground on which [they] claim that [they] are being held in violation of the Constitution, laws, or treaties of the United States." As Chan views it, the form's instruction necessitates the conclusion that a trial court's or court of appeals' misapplication of the Constitution or law can be corrected under § 2255. But First Circuit case law indicates that seeking a remedy under § 2255 is more nuanced and distinguishes between a remedy sought in the first instance or after a motion for a new trial or a direct appeal.

As the court stated in the Memorandum and Order [Doc. No. 504], "a § 2255 proceeding is a collateral remedy available to a petitioner only when some basic fundamental right is denied, and not as routine review at the behest of a defendant who is dissatisfied with his sentence." Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). "Absent an intervening change in the applicable law, issues that have been raised and decided on a motion for a new trial cannot be reconsidered in a subsequent collateral attack." Tracey v. United States, 739 F.2d 679, 682 (1st

Cir. 1984). As for direct appeals, neither claims that were raised and rejected on direct appeal nor claims that the defendant failed to raise in a timely manner on appeal, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence, may be resurrected in a § 2555 petition. See Faulhaber v. United States, 66 F.3d 306, 1995 WL 564498, at *1 (1st Cir. 1995) (unpublished); Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002).

Accordingly, having not presented any intervening change in the law on the issue, to the extent that Chan's Motion for Reconsideration and Recusal [Doc. No. 507] seeks reconsideration of whether certain issues are procedurally barred from being raised in a § 2255 petition, the motion is denied.

      1.    Sufficiency of the Evidence

Chan contends that impermissible stacking of inferences occurred for Counts One through Four as charged in the SSI. Mot. for Recons. & Recusal 6-10 [Doc. No. 507]. As support, Chan cites two cases—Direct Sales Co. v. United States, 319 U.S 703 (1943) and United States v. Valerio, 48 F.3d 58 (1st Cir. 1995)—for the rule that jury verdicts that rely on stacking inference upon inference cannot stand. Id. at 6. But the First Circuit has already had the final word on this issue. Reviewing the evidence in the record, the First Circuit held that there was sufficient evidence for each of these counts. See Chan, 981 F.3d at 54, 59-61. Thus, as discussed above, the issue is procedurally barred from being raised on a motion to vacate under § 2255.

Accordingly, to the extent that Chan requests that the court reconsider whether there was insufficient evidence to support the charges in the SSI, the motion is denied.

2.  Constructive Amendment of Indictment

Chan contends that the court improperly found that a prejudicial constructive amendment to the SSI did not occur at trial. Mot. for Recons. & Recusal 4, 6 [Doc. No. 507]. In support of this argument, Chan relies upon the affidavits of his and Wang's defense attorneys at trial who stated that they would have defended the case differently if they had known of the variance between the three studies described in the SSI's conspiracy charge and the evidence at trial pertaining only to the latest of the three studies. Id. at 4 (citing Affs. [Doc. Nos. 266-1, 266-2]). Reviewing the same evidence Chan puts forth now, the court rejected this argument in its memorandum and order denying the co-defendants' Joint Motion for Judgment of Acquittal and for a New Trial [Doc. No. 266]. See Mem & Order 21-25 [Doc. No. 328] (holding that defendants cannot show prejudice based on the narrower conspiracy proven).

Chan further contends that under Stirone v. United States, 361 U.S. 212 (1960), his conviction must be reversed where the charge as presented in the jury instructions and verdict form was broader than the charge in the indictment. Mot. for Recons. & Recusal 6-7 [Doc. No. 507]. However, as stated in the Memorandum and Order [Doc. No. 504], the First Circuit found that the defendants waived the argument "that a constructive amendment to the SSI occurred at trial" because they "d[id] not provide any argument or case law about how the evidence the government presented at trial constituted a constructive amendment from the SSI." Chan, 981 F.3d at 55 n.7. Where "[d]efendants clearly had the opportunity to raise [the] issue[] on direct appeal but failed to do so properly," Mem. & Order 5 [Doc. No. 504], as discussed above, the issue is procedurally barred from being raised on a motion to vacate under § 2255.

Accordingly, to the extent that Chan requests the court to reconsider his argument that a

6

prejudicial constructive amendment to the SSI occurred at trial, the motion is denied.

    B.    *Violation of Right to a Fair Trial*

        1.    Grand Jury Materials and Indictment

Chan requests that the court reconsider its finding that Chan has not demonstrated a particularized need for the grand jury testimony. Mot. for Recons. & Recusal 3 [Doc. No. 507]. Chan contends that the September 13, 2016 indictment and March 28, 2017 superseding indictment are invalid where FBI agent Cirilli provided false testimony to the grand jury and fabricated his affidavits upon which the respective charging documents relied. Id. at 2-3.[1] In support of his contention that Cirilli provided perjured testimony to the grand jury, Chan cites to (i) specific portions of FBI agent McKay's trial testimony; (ii) trial evidence, including an email from Karen Annis to Chan ("Annis e-mail"), a Financial Industry Regulatory Authority ("FINRA") report, and Chan's trade record; and (iii) the fact that Cirilli did not testify at trial. Id. However, none of the evidence that Chan presents in his motion for reconsideration is newly discovered. Indeed, Chan's previous Motion to Vacate [Doc. No. 476] generally relied upon the same evidence.[2]

---

[1] Chan takes issue with the court's characterization in its Memorandum and Order [Doc. No. 504] that Chan previously argued that "FBI agent McKay's trial testimony proves that FBI agent Cirilli fabricated the criminal complaint affidavit, in which he relied on the FINRA referral letter, to secure the indictment against Chan." Mot. for Recons. & Recusal 4 [Doc. No. 507]. The court sees no issue with this characterization where in his motion to vacate Chan contended that "FBI agent McKay's trial testimonies prove that, [FBI agent Cirilli's] criminal complaint affidavit against Chan was fabricated . . . . Defendants believe that, the criminal complaint affidavit was based on the FINRA referral letter, [and] both were used to secure the indictment against Chan on 09/13/2016." Mot. to Vacate 4 [Doc. No. 476].

[2] Chan further notes that "government agents did not object to the fact that Petitioner had demonstrated particularized need for Cirilli's grand jury testimonies . . . . [and] never claimed that grand jury secrecy outweighs the interest of justice in this stage of the case." Id. at 3. That may be the case, but that does not alter the fact that "defendant bears the burden of showing a

Moreover, Chan has not demonstrated that the court's finding in the Memorandum and Order [Doc. No. 504] that the SSI did not prejudice Chan and, therefore, may not be dismissed was based on a manifest error of law or was clearly unjust. Citing United States v. Agurs, 427 U.S. 97 (1976) and United States v. Basurro, 497 F.2d 781 (9th Cir. 1974), Chan contends that the court misapplied the law when it found allegedly perjurious testimony presented to the grand jury harmless where that same testimony was not presented to the petit jury that convicted Chan. See Mot. for Recons. & Recusal 6 [Doc. No. 507]; see also Mem & Order 8 [Doc. No. 504]. The first case cited by Chan—Agurs— recognizes that the "the Court has consistently held that a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury," but that holding pertains to the petit jury charged with determining guilt and not to the grand jury charged only with determining probable cause. Agurs, 427 U.S. at 103, holding modified by United States v. Bagley, 473 U.S. 667 (1985).

The second case cited by Chan—Basurto—in which the Ninth Circuit held that "the prosecuting attorney was under a duty to notify the court and the grandy jury" when "he learned of the perjury before the grand jury," Basurto, 497 F.2d at 785, "has been accorded mixed reviews, even by the court which decided it," United States v. Mangual-Corchado, 139 F.3d 34, 41 (1st Cir. 1998) (citing United States v. Bracy, 566 F.2d 649, 654-55 (9th Cir. 1977), stay denied, 435 U.S. 1301, 98 S.Ct. 1171, 55 L.Ed.2d 489 (Rehnquist, Circuit Justice 1978) (suggesting that government's use of grand jury testimony which later proves to have been

---

'particularized need' for the requested material." United States v. George, 839 F. Supp. 2d 430, 437 (D. Mass. 2012) (quoting Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979)).

perjurious never implicates defendant's Fifth Amendment rights), cert. denied, 439 U.S. 818, 99 S.Ct. 79, 58 L.Ed.2d 109 (1978)).

"[T]he Court provided the applicable standard for determining when errors before the grand jury warrant dismissal of an indictment: '[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants.'" United States v. Flores-Rivera, 56 F.3d 319, 328 (1st Cir. 1995) (citing Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988)). "[E]rrors before the grand jury will often be deemed harmless if the defendants were subsequently and properly convicted before an impartial petit jury." Id. Chan's motion for reconsideration fails to address the court's key finding with respect to this issue: "Chan was convicted by a petit jury, which never reviewed the FINRA letter nor heard the allegedly perjurious testimony" and therefore "the indictment did not prejudice Chan." Mem & Order 8 [Doc. No. 504].

Accordingly, to the extent that Chan requests that the court reconsider its finding that Chan did not show a particularized need for the grand jury materials and that because Chan suffered no prejudice from the indictment the court may not dismiss it, the motion is denied.

## V.     Conclusion

For the reasons set forth above, Chan's Motion for Reconsideration and Recusal [Doc. No. 507] is DENIED.

IT IS SO ORDERED.

December 15, 2022                                       /s/ Indira Talwani
                                                        United States District Judge